The opinion of the Court, was delivered by
Ryehson J.
This writ brings up the record of a private road. The report of the surveyors runs thus. — “We the subscribers six of the surveyors” «fee. But the return is signed by four only; *106 and whether the other two were present, or whether they had any notice of the meeting, no where appears on the return of the Certiorari. This appears a fatal defect, according to the current of decisions heretofore made. In The State v. Burnet, 2 Green 385; in conformity to which several later cases not reported have been decided.
The surveyors further say, they think and adjudge part of the road, as applied for, necessary, and «then proceed to lay out the same in two separate parcels; — the first as follows — “ To begin at or near the north-west corner of Samuel Gilmore’s land, which he lately purchased of Thomas F. Lambson, and from thence north eight degrees west, twenty one rods, to or near the southeast corner of a lot of land belonging to Samuel Gilmore, which he lately purchased of Jacob Fox, and there to end.” Now this at or near is too vague. Does near a point mean, one foot, one rod, one chain, or what other distance from it? And on which side, north,south, east or west? Who can tell from the return, where the road is intended to be? The return in this particular, follows the application, and the order of the Court. But the application, and appointment of surveyors may perhaps, without impropriety, leave some latitude for the exercise of their discretion. They however can leave none to those who must follow, to open and work the road. Their return should set out the road in its whole length with such precision, that the land-holder, as well as he or they who have occasion to open or use it, may have no difficulty in ascertaining where they have a right to travel, or where they would be trespassing. There is nothing in the return to remove this uncertainty. It should be quashed.
Hornblower C. J. and Ford J. concurred.
. Return quashed.
Cited in State v. Hart, 2 Harr. 186; State v. Green, 3 Harr. 182; State v. Northrup, 3 Harr. 275; State v. Woodruff, 7 Vr. 205.